**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CR-20342-BLOOM**

**UNITED STATES OF AMERICA**

v.

**JORGE VAZQUEZ TORRES,**

    **Defendant.**

_____/

**Government's Response in Opposition to Defendant's Renewed
Motion for Compassionate Release**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its Response in Opposition to Defendant Jorge Vazquez Torres' Renewed Motion for Compassionate Release, (hereinafter, Defendant's Renewed Motion for Compassionate Release). (DE:54). The Defendant's Renewed Motion for Compassionate Release should be denied as Defendant's imposed sentence appropriately provides the most effective medical care at this time, pursuant to 18 U.S.C. § 3553(a)(2)(D).

**I.**  **Factual Background**

On October 15, 2019, Defendant entered a guilty plea to count 1 of the indictment, which charged conspiring to possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846. The controlled substances involved in the conspiracy to distribute were heroin and methamphetamine. (DE: 3).  At the time of sentencing, Defendant's criminal history was category I, his total offense level was 29, and his guideline imprisonment range was 87 to 108 months' imprisonment. (PSR, DE: 34). Based upon his substantial assistance in the prosecution of others, this Court granted the government's motion to downward depart from

the sentencing guidelines, pursuant to U.S.S.G. § 5K1.1. (DE: 41, 42, 43). On January 13, 2020, Torres was sentenced to 24 months' imprisonment. (DE: 43 and 44).

On April 14, 2020, less than three (3) months in custody, Defendant filed his First Motion for Compassionate Release. (DE: 46). This Court found Defendant did not present extraordinary and compelling reasons as to why compassionate release should be granted, and thus denied Defendant's First Request for Compassionate Release. (DE: 53).

Defendant's Renewed Motion for Compassionate Release represents Defendant has tested positive for COVID-19. (DE:54). As of the filing of this Motion, the government has been unable to confirm with BOP whether Defendant has tested positive for COVID-19, however, if Defendant is infected, his release from custody may prove to be detrimental to his health and the health of various other people in the community.

The Government does concede Defendant has documented a history of health challenges to include diabetes and hypertension, and thus Defendant meets the criteria set forth by the Center for Disease Control and Prevention, (hereinafter, "CDC"), as a person who is at high risk of severe outcomes from COVID-19. Further, the Government does acknowledge Defendant's health presents an extraordinary and compelling reason for compassionate release, pursuant to 18 U.S.C. § 3582. However, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to appropriately consider whether to reduce a Defendant's sentence, this Court must 1) find the Defendant exhausted all administrative remedies with BOP; 2) weigh the relevant § 3553(a) factors; 3) conclude extraordinary and compelling reasons warrant compassionate release; and 4) determine Defendant is not a danger to the community.

The current COVID pandemic, in a relative short period of time, has not only disrupted social and economic structures throughout the world, it has caused the death of more than 100,000

people in the United States alone. In response to the pandemic, BOP has taken significant measures to protect the health of the inmates within BOP facilities, however, none of the preventative steps taken by BOP seem to have prevented Defendant from contracting COVID. And while Defendant's request for compassionate release may allow Defendant to seek medical assistance from a preferred physician, it will most certainly allow Defendant to come into contact with a greater number of persons than he would inside a BOP facility. This increased exposure would undoubtedly allow more people, including persons within Defendant's household, to come into direct contact with a person COVID-19 positive. The ramifications of this contact, while not assured, can only be assumed based upon the number of deaths reported in the United States alone.

Pursuant to 18 U.S.C. § 3553(a)(2)(D), there is a medical need for Defendant to serve the entirety of the sentence imposed. At this time, Defendant is receiving the best uninterrupted medical care he may receive without the risk of infecting a great number of community members. If the Court were to grant Defendant's Renewed Motion for Compassionate Release, Defendant will be transferred from Oklahoma to South Florida, where he will be confined to his home. While transient, Defendant will come into contact with a variety of people and while confined at home, Defendant will live in close proximity with other persons who live inside of the home. Defendant's transient movement will force Defendant to forgo consistent medical care, which may cause a decline in Defendant's health. Additionally, Defendant's movement and subsequent home confinement provides an opportunity for COVID-19 to spread to a greater number of people outside of the BOP facility where Defendant is presently located.

The danger to the community and the danger to Defendant is a real danger. For this reason, this Court should deny Defendant's Renewed Motion for Compassionate Release.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

/s/ *Breezye Telfair*
Breezye Telfair
Assistant United States Attorney
11200 NW 20th Street, Suite 101
Miami, Florida 33172
(305) 715-7644/7655

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 26, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Additionally, a copy of this response was mailed to Jorge Vazquez-Torres, Register Number 20162-104, at Federal Transfer Center, P.O. Box 898801, Oklahoma City, Oklahoma, 73189-8801.

/s/ *Breezye Telfair*
Breezye Telfair
Assistant United States Attorney