**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cr-20342-BLOOM**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE VAZQUEZ TORRES,

    Defendant.
_____/

**<u>AMENDED ORDER</u>**

**THIS CAUSE** is before the Court upon Defendant Jorge Vazquez Torres' ("Defendant") Renewed Motion for Compassionate Release. ECF No. [54] ("Motion"). The Government filed its Response in Opposition, ECF No. [56] ("Response"), to which Defendant replied, ECF No. [57] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted, subject to the amended conditions set forth in this Order.[1]

## I. BACKGROUND

On October 15, 2019, Defendant entered a guilty plea to one count of conspiring to possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846. ECF No. [27]. On January 13, 2020, Defendant was sentenced to a term of imprisonment of twenty-four months, followed by three years of supervised release, ECF No. [44], and he voluntarily surrendered himself to federal custody on February 28, 2020. Defendant is currently housed at the Federal

---

[1] The parties filed their Joint Motion to Amend Release Order, ECF No. [59], seeking certain language be included. The Motion is granted, and this Order incorporates that language.

Transfer Center ("FTC") in Oklahoma City, Oklahoma, and is scheduled to be released from custody in November 2021.

Defendant previously filed a Motion for Compassionate Release, arguing that his age and underlying medical conditions — namely, diabetes, hypertension, asthmatic symptoms, and osteoarthritis — put him at an increased risk of infection. ECF No. [49]. This Court denied the motion and found that Defendant had not established extraordinary and compelling circumstances that warranted his release after having served less than three months of his sentence. ECF No. [53].

Defendant has now filed the instant Motion and renewed his request for compassionate release because he has now contracted COVID-19 and is not receiving proper medical care at his current facility. *See* ECF No. [54]. Further, given his underlying medical conditions, he contends that extraordinary and compelling circumstances now exist that warrant granting him compassionate release into the care and custody of his wife. *Id.* As such, Defendant requests that he be released to serve the remainder of his sentence in home confinement in order to receive treatment and care from his preferred physicians. *Id.* The Government opposes Defendant's renewed request for compassionate release, arguing he will receive the best medical care within the BOP medical system, rather than in the general population. *See* ECF No. [56].

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with over 3,000,000 confirmed cases and more than 132,000 reported deaths as of July 9, 2020.[2] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a

---

[2] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated July 9, 2020).

higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The Attorney General makes the express finding that extant emergency conditions are materially affecting BOP functioning, and directs the BOP to immediately maximize transfers to home confinement for all eligible inmates at the specifically named facilities and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

> imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction . . . .
>         . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United*

*States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the [] movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Defendant's Motion requests that he be released to home confinement as he has now contracted COVID-19 and permitting his release would allow him to receive proper medical care from his long-term providers for the COVID-19 diagnosis and his numerous comorbidities. Defendant notes that he has not received consistent or adequate care for his chronic conditions and that, since he contracted COVID-19, the BOP has failed to conduct daily medical checkups even as his condition worsened. Although the Government concedes that Defendant's health presents extraordinary and compelling circumstances under § 3582, it nonetheless opposes Defendant's Motion, arguing that his release will be detrimental to his health and the health of those in the community.

As an initial matter, unlike with his previous motion for compassionate release, Defendant has satisfied the initial exhaustion requirement because thirty days have now passed since he filed his request for compassionate release with the warden, which the Government does not challenge. Likewise, the Government concedes that Defendant's health conditions satisfy the requirement for extraordinary and compelling circumstances in this case. ECF No. [56] at 2. Further, the Government raises no objection to Defendant's assertion in his Motion that he poses no danger to the community. Thus, the Court need not address these considerations at length. Instead, the Court will limit its analysis to the remaining consideration under § 3582(c)(1)(A)(i)—namely, the relevant § 3553(a) factors.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing and in denying Defendant's previous motion, the Court concluded that a term of imprisonment of twenty-four months was appropriate in this case, in light of these § 3553(a) considerations. However, given Defendant's current medical situation after having contracted COVID-19, and the BOP's apparent inability to adequately treat Defendant's COVID-19 infection alongside his other comorbidities or to prevent other inmates from getting infected at FTC Oklahoma City, the Court finds it necessary to rethink its previous conclusion.

In particular, neither the history and characteristics of the Defendant, nor the considerations regarding the need for the sentence imposed, warrant keeping Defendant in federal custody while he suffers from diabetes, hypertension, asthmatic symptoms, and COVID-19. While there is no doubt that Defendant's conviction was serious, the Court recognizes that he had no prior criminal convictions, which suggests that Defendant does not pose a high risk of committing further crimes. Moreover, releasing Defendant to strict home confinement allows him to continue to repay his debt to society, imposes an adequate punishment, and promotes respect for the rule of law, while simultaneously allowing him to seek medical care and treatment by providers who are familiar with his medical issues and equipped to treat him. *See United States v. Chopra*, No. 18-cr-20668-DMM (S.D. Fla. June 8, 2020), ECF No. [606] at 10; *see also United States v. Williams*, No. 3:04-cr-95/MCR, 2020 WL 1751545, at *4 (N.D. Fla. Apr. 1, 2020). Additionally, the fact that Defendant has served less than five months of his sentence is not dispositive, given Defendant's

current health issues and the obstacles he faces in receiving adequate and complete treatment while incarcerated. *See id.* (granting compassionate release where the defendant had just begun his sentence). Requiring Defendant to continue to serve his sentence in federal custody while seriously ill and with the risk of inadequate medical care "means that his sentence [would be] significantly more laborious than that served by most inmates. It also means that further incarceration in his condition would be greater than necessary to serve the purposes of punishment set forth in § 3553(a)(2)." *Id.* (quoting *United States v. McGraw*, No. 2:02-cr-018, 2019 WL 2059488, at *5 (S.D. Ind. May 9, 2019)). In sum, given that Defendant has now contracted COVID-19, the Court finds that "[t]he dire risks presented by his remaining incarcerated outweigh any § 3553(a) factors that would be served by his remaining incarcerated." *United States v. Brown*, No. 2:18-cr-00360 (N.D. Ala. May 22, 2020), ECF No. [35] at 4.

Based on the discussion above, the Court concludes that Defendant has adequately demonstrated that a sentence modification is warranted in this case and his Motion is therefore granted, subject to the conditions set forth below.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Parties Joint Motion to Amend Release Order, **ECF No. [59]**, is **GRANTED**. The Court's Order, **ECF No. [58]**, is **AMENDED** as follows:

1. Defendant's Motion, **ECF No. [54]**, is **GRANTED** to the extent that his sentence is reduced to **TIME SERVED**, **effective July 16, 2020**. The Court imposes a 53-month period of supervised release, upon the Defendant's release, which includes the remaining 17 months of his original sentence of incarceration, followed by the three-year term of supervised release previously imposed with all previous conditions as set

8

forth in the Judgment, **ECF No. [44]**. As a special condition of supervised release, Defendant shall be placed on home confinement with electronic monitoring for the first 17 months of his supervised release term, which is a period of home confinement equal to the remaining term of his sentence of incarceration.

2. Defendant shall be released from BOP custody on **July 16, 2020**, to begin his term of home confinement, and he shall remain in self-quarantine for a period of time not less than fourteen (14) days after release.

3. Defendant must report via telephone to the United States Probation Office at 305-523-5403 in the Southern District of Florida **within forty-eight (48) hours** of his release from BOP custody.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 13, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jorge Vazquez Torres
20162-104
Oklahoma City
Federal Transfer Center
Inmate Mail/Parcels
Post Office Box 898801
Oklahoma City, OK 73189